UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WOODY D. BILYEU, et al | CIVIL ACTION NO. 08-2006 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| JOHANSON BERENSON LLP, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to remand, doc. #26 referred to me by the district judge.

This is a suit by plaintiffs over investments. There are nine defendants. The case was filed in Winn Parish and removed to this court by the Johanson defendants, joined by defendant Wachovia. None of the other defendants consented to the removal. Because plaintiffs claim that at least some of those defendants had been served with process at the time of removal, they argue that removal was improper without their consent and remand is required.

Defendants, most of whom have now consented (after the 30 day period for removal), argue that they obtained the consent of the only defendant who had been served and as to whom an affidavit of service had been filed in the record by plaintiffs.

## Analysis

Under 28 U.S.C. §1446(b), all named and served defendants must consent to removal and the removal must be filed within 30 days of the date of service on the first named defendant. See Getty Oil v. INA, 841 F.2d 1254 (5th Cir. 1988).

Plaintiff cites Richoux v. CSR Ltd, 08-931 on the docket of the Eastern District Court in New Orleans for the proposition that no affidavit of service need be considered in determining removal and that all that matters is whether in fact the defendants have been served. They suggest that the defense attorney should have telephoned plaintiffs' counsel to determine who had been served.

In Richoux, Judge Berrigan noted that the Louisiana long-arm statute, La. R.S. 13:3205, requires that proof of service be filed in the record for purposes of taking a default judgment. She found it unclear whether the statute should have any effect on removal. However, the judge found it unnecessary to decide the issue in that case.

This court has previously considered this same issue in Cooper v. Sentry Select Ins. Co., 2008 WL 4610235 (W. D. La. 2008). Judge James ruled that the non-removing defendants are not required to consent to or join in the removal until proof of service is filed in the record.  He observed:

> Counsel for the removing defendant should be able to rely on the state court record when determining whether to seek other defendants' consent to removal. Until proof of service is filed in the record, counsel for the removing defendant may not know whether other defendants have been served or whether removal is proper. If the rule of unanimity was predicated on effective service, as Cooper contends, a clever plaintiff could delay filing proof of service to obscure this fact in an effort to render the removal petition defective based on lack of unanimity. This could potentially give the plaintiff an unfair advantage in the litigation. Cf.  Courtney v. Benedetto, 627 F.Supp. 523, 527 (M.D.La.1986) (citing Northern Ill. Gas Co. v. SAirco Indus. Gases, 676 F.2d 270 (7th Cir.1982)) (holding that a removal petition may be amended

freely within 30 days of removal).

Requiring that consent be obtained from all served defendants even where there is no evidence in the record of the service would place a removing defendant at the mercy of the plaintiff's attorney because the removing defendant's attorney would have to telephone the plaintiff's attorney, perhaps wait for a return call, then perhaps wait for the plaintiff's attorney to determine who had been served and tell defense counsel and then defense counsel would have to rely at his peril on the accuracy of the plaintiff attorney's research into who had been served. All while the clock is running on the 30 day window for the removal to be filed.

Requiring all served defendants to consent or join, even where there is no evidence of service in the record places a near impossible burden on the defendant and its counsel and forces the defense attorney to rely on his opponent to do a thorough job instead of being able to rely on his own competence in determining whether removal is proper.

Because there is no dispute that the only defendants which the record reflected had been served at the time of removal are the removing defendant and Wachovia, who timely consented, I find that removal was not defective, was timely, and that the removal was proper.

Therefore, IT IS RECOMMENDED that the motion to remand, doc. #26 be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 26th day of February, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE