

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| WOODY D. BILYEU and MARY H. BILYEU | CIVIL ACTION NO. 1:08-cv-02006 |
|---|---|
| -vs- | JUDGE DRELL |
| JOHANSON BERENSON, L.L.P., et al. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation (Document No. 66) suggesting Plaintiffs' motion to remand (Document No. 26) be denied. Plaintiffs have filed an objection to the Report and Recommendation (Document No. 67), and the Johanson Defendants have responded (Document No. 70). After an independent (de novo) review of the record, concurring with the Magistrate Judge's findings under the applicable law, and for the additional reasons outlined herein, this Court will adopt the Magistrate Judge's Report and Recommendation.

The Fifth Circuit jurisprudence regarding whether "exceptional circumstances" exist to uphold removal absent the consent of all served defendants has been outlined thoroughly by the parties and the Magistrate Judge. See generally Milstead Supply Co. v. Casualty Ins. Co., 797 F. Supp. 569

(W.D. Tex. 1992) and <u>Forman v. Equifax Credit Info. Services, Inc.</u>, 1997 WL 162008 (E.D. La. 1997). The conclusions reached by the other jurists help outline the parameters of what may logically be defined as "exceptional circumstances," but, in the end, each case must stand on its own facts. We agree with the statement in <u>Dupree v. Torin Jacks, Inc.</u>, No. 08-cv-1648, 2009 U.S. Dist. LEXIS 11267, *9-10 (W.D. La. Feb. 12, 2009) that "the absence of proof of service from the record can certainly be a factor in determining whether such [exceptional] circumstances exist."

In the instant case, counsel for the removing defendants was also faced with other issues, including nine different defendants, at least five of which were business entities. In reality, attempting to discover with any degree of accuracy, in thirty days or less, the status of service of process on multiple businesses in multiple states, some of which may or may not have legal departments, is a daunting task. The Johanson Defendants assert that their counsel contacted the Winn Parish Clerk of Court on December 16, 17, and 23, 2008 to inquire regarding what service returns had been filed. At those times, only the return on Wachovia Securities, L.L.C. was of record. The Johanson Defendants then submitted their Notice of Removal, with Wachovia's consent, on December 23, 2008. (Document No. 1.)

Perhaps if only one additional corporate defendant existed, it would not be unduly burdensome to expect remover's counsel to contact such other defendant

and gather information regarding service. However, under the particular circumstances presented in the case at bar, we find it was reasonable for the removing party to rely on the public record as it existed on the date the Notice of Removal was filed. Accordingly,

For these reasons and those stated in the Report and Recommendation;

**IT IS ORDERED** that the motion to remand (Document No. 26) is DENIED.

SIGNED on this 25 day of March, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE