RECEIVED IN ALEXANDRIA, LA.
SEP 27 2010
TONY R. MOORE, CLERK
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WOODY D. BILYEU, ET AL | CIVIL ACTION NO. 1:08-cv-02006 |
| -vs- | JUDGE DRELL |
| JOHANSON BERENSON LLP, ET AL | MAGISTRATE JUDGE KIRK |

**RULING AND ORDER DENYING 12(b)(6) MOTION TO DISMISS (DOC. 20)**

Background

Two motions relating to arbitration are currently pending before the Court. The first is a motion to dismiss certain claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, filed by Defendants Johanson Berenson LLP, David R. Johanson, and David R. Johanson and Rachel J. Markum, A Professional Corporation (formerly David R. Johanson, A Professional Corporation) (hereinafter, collectively, "the Johanson Defendants"). (Doc. No. 20). The second is a later motion by another defendant, Wachovia Securities, L.L.C. ("Wachovia") to stay proceedings pursuant to Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. (Doc. No. 74). In this ruling we decide only the Rule 12(b)(6) motion (Doc. No. 20), and only on the narrow issue of whether a dismissal pending arbitration is warranted.

The Johanson Defendants' motion seeks only a dismissal under Rule 12(b)(6). It does not argue in the alternative for a stay, nor seek dismissal on other grounds. Whether the claims it seeks dismissed are amenable to arbitration is contested, based both on whether the arbitration clause of the contract to which some of the parties are signatories encompasses these particular claims, and

whether the clause binds certain nonsignatory parties. Until now, discovery has not been conducted by or on any of the parties affected by this motion.

## Analysis

In support of their argument for dismissal, the Johanson Defendants rely almost solely on *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992) (hereinafter "*Alford*"). That case interpreted the mandate of Section 3 of the FAA that "'upon any issue referable to arbitration under an agreement in writing for such arbitration,' the court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had." *Id.*, at 1164; 9 U.S.C. § 3. The Court in *Alford* held that Section 3 mandates a stay as "the court may not deny a stay in such a situation," but, it said, this section "was not intended to limit dismissal of a case in the proper circumstances." *Id.*, at 1164. It identified those "proper circumstances" as those where "*all* of the issues raised in the district court must be submitted to arbitration," *Id.* (emphasis in original).

That such "proper circumstances" are uncommon is seen both in the unique facts of *Alford* and in the Fifth Circuit's jurisprudence since. Regarding *Alford*, the court in that case confronted on remand a vacated decision it had previously decided whose governing law had changed while the case was pending before the Supreme Court. The arbitration had already commenced prior to the court's decision, with both parties participating and the defendant having filed a counterclaim. Moreover, aside from the arbitration issue, the dispute in *Alford* was simple, a straightforward allegation of employment discrimination by an employee against its former employer. Thus, the evidence was likely to be in the parties' control, and the arbitration was unlikely to implicate other

parties, issues, or proceedings. For these reasons, the record in *Alford* and the court's understanding of the likely course of the subsequent arbitration were unusually well-developed.

More importantly, the Supreme Court's decision clarifying the governing law in *Alford* was directly on point as to the suitability of arbitration for those parties and claims. The plaintiff, Alford, was suing for employment discrimination. The defendant, Dean Witter Reynolds, Inc., had moved to compel arbitration on the basis of an arbitration clause in every broker registration agreement the New York Stock Exchange ("NYSE") and National Association of Securities Dealers ("NASD") sign with their members. The Supreme Court held directly that that particular clause in that particular contract between that particular type of parties required arbitration of that particular cause of action. Consequently, the only objections the plaintiff could raise to the motion to compel, such as that the contract on which the Supreme Court had just ruled was unconscionable, were exceedingly weak, almost frivolous. This led the district court to dismiss the case with prejudice, the defendant to demand sanctions against the plaintiff, and the plaintiff, much to the appellate court's annoyance, to improperly raise entirely new issues on appeal.

In all, as a result of the straightforward nature of the dispute, the well-developed record, the on point Supreme Court precedent, and the frivolity of the Plaintiff's assertions the Court in *Alford* was uniquely able to discern prior to the commencement of proceedings on the merits that *all* of the issues among all of the parties were subject to arbitration, and "retaining jurisdiction ... [would] serve no purpose." 975 F.2d 1161, 1164.

The singularity of these circumstances is further seen in the jurisprudence since. *Alford* was decided almost 20 years ago, near the beginning of the contemporary boom in arbitration, and the court at that time could note that "[t]he weight of authority clearly supports dismissal of the case

when *all* of the issues raised in the district court must be submitted to arbitration." This is no longer true, and most Circuits which have confronted the issue in the interim have flatly declined to follow *Alford*'s ruling. *See, e.g., Lloyd v. Hovensa, LLC*, 369 F.3d 263 (3rd Cir. 2004); *Precision Press, Inc. v. MLP U.S.A., Inc.*, 620 F.Supp.2d 981 (N.D.Ia. 2009). More importantly, Fifth Circuit courts subsequent to *Alford* have decided hundreds of motions to compel. Sparingly few have ordered dismissal instead of a stay, and then in circumstances other than the ones here.

In particular, the Johanson Defendants cite only two examples, both unreported–*Bank One, Louisiana, N.A. v. Cameron*, F.Supp.2d, 2001 WL 1287118 (E.D.La. 2001) (hereinafter "*Bank One*") and *Truitt v. DirecTV, Inc.*, 2008 WL 5054570 (E.D.La. 2008) (hereinafter "*DirecTV*")–for the proposition of outright dismissal. These cases are unpersuasive factually and as precedent.

Factually, both share a number of features with *Alford* that made dismissal uniquely appropriate for their circumstances but which distinguish them from the present case. First, the contract and arbitration clause at issue in both was an adhesion contract with which our courts had ample prior experience, in *Bank One* the bank's standard commercial promissory note, and in *DirecTV* the satellite company's standard customer agreement. Second, the scope of the arbitration clause in both cases obviously encompassed all the parties and issues, with the plaintiff challenging the issue in neither case and the court in *Bank One* specifically noting the "expansive scope" of that contract's arbitration clause. 2001 WL 1287118 at *2. Both of these features resemble the circumstances in *Alford*, which similarly involved a standard contract used previously in a multitude of transactions, and where the scope of the arbitration clause was unquestionable due to the Supreme Court's recent ruling.

Finally, as in *Alford*, both of these cases featured straightforward disputes and an unusually simple or well-developed record. *DirecTV* was an uncomplicated consumer suit in which no facts were disputed beyond the existence and breadth of the contract and arbitration clause. *Bank One* involved an ordinary claim for breach of a promissory note arising out of a bankruptcy appeal. The prior bankruptcy proceedings meant that there was sufficient information in the record for the plaintiff to have already moved for summary judgment, and the main issue before the district court was whether the case had progressed so far that the parties had waived their right to arbitrate.

In all these ways, these cases are factually distinguishable from the case before us. The contract here is used by a single attorney and his firm. The breadth of the contract's arbitration clause is contested, as to both the issues and parties covered. Indeed, as discussed below, it is possible that some of the final decisions concerning its breadth will have to be decided by the arbitration panel. Finally, the case is not straightforward and its record not well-developed. It involves multiple parties, many of them foreign, on both sides of a complex dispute over allegations of fraud and other serious malfeasance, and no discovery has yet occurred between any of the present parties. For these reasons, we do not find the cases the Defendants cite factually similar or persuasive.

We also do not find these cases convincing as precedent. As noted, they are unreported, and they stand in contrast to the far greater number of reported cases not ordering dismissal. Further, in neither case was dismissal one of the key points of decision, with the court in *DirecTV* not mentioning the topic at all and that in *Bank One* covering it in one paragraph, and neither court appears to have ordered dismissal pursuant to Rule 12(b)(6) as is here requested.

5

Most importantly, in these cases and all others this Court found on its own, *e.g.*, *Jureczki v. Banc One Texas, N.A.*, 252 F.Supp.2d 368 (S.D.Tex. 2003), the courts reiterated and reflected our understanding of the core holding of *Alford* which guides our decision here. Dismissal is optional in certain "proper circumstances," specifically when a court may determine a priori that "the entire matter is encompassed by the arbitration clause," *Bank One*, 2001 WL 1287118 at *2, 4, and therefore that "retaining jurisdiction ... [would] serve no purpose." 975 F.2d 1161, 1164; see *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 fn. 9 (5th Cir. 2003) ("*Alford* held merely that dismissal was not an abuse of discretion.") (citing *Fedmet Corp. V. M/V Buyalyk*, 194 F.3d 674, 676, "holding that 'district courts have discretion to dismiss cases in favor of arbitration,' but not implying any obligation to do so."). Based on the facts above and for the two reasons discussed below, we do not find such circumstances here.

First and most directly, the parties may need to return to this court because, per *Alford*, we cannot now rule that all of the claims as to all of the parties are subject to arbitration. As discussed, the scope of the arbitration clause remains contested, and the plaintiff here, unlike in *Alford*, raises at least colorable objections to the Defendant's motion to compel. More importantly, the Johanson Defendants seek to compel arbitration by a Plaintiff who was not a signatory to the contract containing the arbitration clause. Dismissal in such circumstances is arguably not entirely unprecedented. *See, e.g., Jureczki v. Banc One Texas, N.A.*, 252 F.Supp.2d 368 (S.D.Tex. 2003) (ordering dismissal where a nonsignatory defendant moved to compel arbitration with a plaintiff who was a signatory). However, it is inappropriate here. In particular, it could be that some of the questions posed to the Court regarding that issue, such as whether, as the Johanson Defendants allege, a different or subsequent agreement exists to which the nonsignatory is a party and which

bounds him to arbitrate, should be resolved by the arbitration panel and not by this court. If this is the case, then if the arbitration panel finds that it lacks jurisdiction because under state law the alleged contract does not exist or is otherwise unenforceable, then the parties and claims affected would return to this court for further proceedings. Dismissal now would obviously and needlessly complicate this process.

Second, even if the amenability to arbitration of all claims and parties under this contract and clause was clear, the parties may well be forced to return to this Court in the course of the arbitration should some action be required that is beyond the scope of the arbitration panel but within the power, authority, and competence of the Court. For instance, one of the parties could request that the court enforce an arbitrator's discovery ruling, provide provisional relief such as an attachment of assets or an injunction, or grant a declaratory judgment that some procedure of the arbitration is fraudulent. *See, e.g., Application of Deiulemar Di Navigazione S.p.A.*, 153 F.R.D. 592 (E.D.La. 1994) (granting motion to perpetuate testimony in aid of arbitration). More broadly, a request may be made for certain confidential financial information or evidence located abroad that implicates constitutional, national, or foreign policy interests beyond those encompassed by the arbitration. *See, e.g., United States v. First National City Bank*, 396 F.2d 897(2nd Cir. 1968) (discussing the compliance of the predecessor to Wachovia's present owner, Citibank, with a subpoena *duces tecum* that would expose it to civil liability under the law of a foreign state). In all of these instances, the arbitration panel would be incapable or unfit to make or effectuate its ruling and thus to carry out the parties' contractual intent to arbitrate. Then, it would be necessary for the parties to invoke the power of this Court, a process obviously facilitated if we retain jurisdiction.

Conclusion

As noted, the disputes in *Alford* and the other cases above were straightforward, their records well-developed, and the suitability of arbitration as to their claims and parties clear and completely subject to court determination. This allowed the courts in those cases to anticipate with an unusual degree of clarity the likely course of the subsequent arbitration, and thus to determine that their continued jurisdiction was not needed and dismissal was warranted. The complexity and infancy of the present case permits this Court no such foresight. If we compel arbitration, we cannot now predict whether the arbitration panel will accept jurisdiction over all of the parties and issues, nor whether it will permit or require the parties to return to this court in the course of the arbitration proceeding. We cannot determine, therefore, that "retaining jurisdiction . . . [would] serve no purpose," and thus we do not find that the circumstances in this case meet the standards for dismissal outlined in *Alford* and subsequent cases controlling on this Court.

Accordingly, the Rule 12(b)(6) motion (Doc. 20) is DENIED, and the parties requested, if they wish to reurge the issue of compelling arbitration, to seek a stay rather than dismissal of these proceedings.

SIGNED on this 27th day of September, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE