UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **WOODY D. BILYEU and MARY H. BILYEU** | **CIVIL ACTION NO. 08-02006** |
| -vs- | **JUDGE DRELL** |
| **JOHANSON BERENSON, L.L.P., et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING AND ORDER

Currently pending are two motions to refer portions of the claims in this case to arbitration, and to otherwise stay the case pending completion of the arbitration. (Document Nos. 74 and 95.) For the reasons which follow, we are not compelled at this point to allow arbitration to be imposed as to Wachovia and will allow limited discovery before entertaining a re-filed motion on the point. The motion to stay for arbitration as to the Johanson Berenson defendants (Document No. 95) will be handled by separate ruling.

The stated claims in this suit relate to a certain loan strategy and purported tax benefit interactions between and among the Bilyeus and Wachovia Securities, L.L.C. ("Wachovia") on one hand, and Johanson Berenson LLP (and certain members of that law firm) on the other. Plaintiffs' removed petition sets forth a relatively complex web of entanglements constituting the purported "loan strategy" and explains, from Plaintiffs' perspective, how the Bilyeus became ensnared in the strategy which, they allege, was an illegal tax shelter, unbeknownst to them.

Wachovia's motion to stay the suit pending arbitration (Document No. 74) posits that arbitration agreements included in Plaintiffs' account registration and signed by Plaintiffs are sufficient to cause this Court to order the arbitration to go forward, with a stay of the remaining proceedings.

At the outset we observe many factual problems and unanswered questions, all of which preclude a finding that arbitration of the Wachovia claims is appropriate at this point. We begin by recognizing, as argued, that arbitration is favored under the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq.. Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 581 (2008); Grigson v. Creative Artists Agency, L.L.C., 210 F.3d 524, 526 (5th Cir. 2000). Still, it is the duty of the Court not to allow an arbitration to go forward if there is a valid basis not to do so. See Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452 (2003) and cases cited therein. The legal context for allowing or disallowing an arbitration to proceed is well briefed by the parties.

Here, however, we note, *inter alia*, a number of significant discrepancies, anomalies, and factual disputes as to the nature of the relationship between Plaintiffs and Wachovia. For example, Plaintiffs allege in their petition that they were apparently led to one Robert Eddy (a defendant as well) by defendant David Johanson. Eddy was to serve as Plaintiffs' financial advisor (Document No. 1-2, ¶ 39). They relate that Eddy's first contact was the presentation of the loan strategy by power point, on August 12, 2004. No other defining time reference is alleged, except a suggestion that Eddy was working for Wachovia near but after August. Adding to the puzzle is the fact that Wachovia's motion to stay pending arbitration relies upon an alleged arbitration

agreement in Plaintiffs' account application of September 12, 2005. (Document No. 74, Exhibit "A.") That document does not contain Mr. Eddy's signature as a representative of Wachovia. After Plaintiffs filed an opposition to the motion (Document No. 78), a reply brief was submitted by Wachovia (Document No. 83). Virtually without comment in the brief, Wachovia attached as "Exhibit A" to the reply another "Account Registration," this one dated September 30, 2004 and signed by Robert Eddy as Wachovia's representative. The Plaintiffs correctly observe (Document No. 78, n. 4) that only a portion of yet a third (2007) agreement between Wachovia and Plaintiffs was submitted to the Court for review. Strategically omitted from this third agreement are the "Advantage Account Terms and Conditions." It is those account terms and conditions attached to the 2004 and 2005 agreements where the arbitration clauses are situated.

So we are forced to ask: Which arbitration provision or provisions is Wachovia relying on to force arbitration? Are the 2007 terms and conditions different from the 2004 and 2005 agreements? Otherwise, why would Defendant omit them from court filings? Similarly, where is page 2 of the 2007 agreement? Why is there no comment from Wachovia at all regarding the impact of the 2004 agreement bearing Eddy's signature? Do the later account agreements, with their terms and conditions, supercede the earlier ones, or supplement them? What *exactly* was Eddy's role and relationship with Wachovia at the various times related to this suit? We could ask many more relevant questions, but we need not.

To flesh out these issues it is obvious that some discovery needs to be allowed. This discovery will be limited to discovery of the contents of *all* account agreements

between Plaintiffs and Wachovia, and the depositions, if necessary, of Robert Eddy[1] and of any other person who signed one of the three account agreements on behalf of Wachovia. Additional discovery *may* be allowed upon application to the Court, through Magistrate Judge James D. Kirk, upon a showing of good cause for same. This discovery must be completed within ninety (90) days of this Ruling. Following completion, counsel shall instigate a conference call with the undersigned to determine whether Wachovia intends to re-file its motion to stay and for arbitration and to determine appropriate procedures for such motion.

For these reasons, IT IS ORDERED that the motion to stay pending arbitration filed by Wachovia Securities, L.L.C. (Document No. 74) is DENIED.

SIGNED on this 10 day of March, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court has recently received information that Mr. Eddy may be deceased. (Document No. 100.)